[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12971
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 22, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-00020-CR-HL-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS LEE EDMONDS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Georgia

_____

**(August 22, 2006)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005). We previously affirmed Appellant's conviction and 200-month sentence for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). See United States v. Edmonds, Case No. 04-12971, 129 F. App'x 599 (11th Cir. 2005) (Table) ("Edmonds I"). Among other things, in Edmonds I, Appellant argued that his sentence violated Blakely v. Washington, 542 U.S. 296 (2004).[1] We rejected that claim because, at the time of our decision, the Supreme Court had not decided Booker, in which it extended its Blakely holding to the Sentencing Guidelines. The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of Booker. We asked for, and have received, supplemental briefs from the parties on the effect of Booker on this case.

On reconsideration, we first reiterate that we review Edmonds's Booker-based claim for only plain error because at sentencing, he made "no reference to the Sixth Amendment, or a right to have the issue of drug quantity decided by a jury rather than the judge." United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir.), cert. denied, 126 S. Ct. 462 (2005). There was no citation to Apprendi v. New Jersey, 530 U.S.

_____

[1]The Supreme Court's remand has no effect on our disposition of Edmonds's other claims and we REINSTATE our prior opinion as to those claims.

2

466 (2000), or its progeny.[2] And "there was no challenge to the role of the judge as fact-finder with respect to sentencing facts," nor did Edmonds argue that the sentence was contrary to the Sixth Amendment. Dowling, 403 F.3d at 1246. Moreover, the fact that Edmonds's sentencing objections referenced the jury verdict, and that Edmonds encouraged the district court to "follow the jury's verdict" and "to consider the jury verdict," does not make those objections constitutional in nature. Id. at 1245-46 (holding that counsel's statement that "'[t]he jury verdict . . . must be respected'" was insufficient to preserve Booker-type claim because the objection concerned sufficiency of the evidence and not the defendant's constitutional rights). Accordingly, we review Edmonds's Booker claim for plain error. See Fed. R. Crim. P. 52(b); Dowling, 403 F.3d at 1246-47.

Under plain error review, appellate courts have a limited power to correct errors that were not timely raised in the district court. United States v. Olano, 507

---

[2]    In fact, counsel's only reference to Apprendi was made when he argued that the case was not implicated here: "Now, Judge, this is not one of those Apprendi cases where the statutory maximum makes a whole lot of difference in the case." We also note that at various points during the sentencing hearing, counsel stated that the court was required to make factual findings by a preponderance of the evidence, but should consider the jury's verdict in doing so, an argument that we find runs contrary to the Blakely (now Booker) claim he now says he made below. See, e.g. R4-4 ("The Court has to find by a preponderance of the evidence the amount of drugs to be used as relevant conduct."); cf. Dowling, 403 F.3d at 1245 (discussing ways in which defendant may preserve a Booker-based challenge, including: by arguing that a fact relevant to a sentencing enhancement must be proved beyond a reasonable doubt, and by objecting that a fact relevant to a sentencing enhancement "should go to the jury").

U.S. 725, 731 (1993). When reviewing for plain error, we may reverse a sentence based on Booker only if there is: (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). The first two prongs of this test are satisfied where a district court has imposed a sentence under a mandatory Guidelines system based on facts that were neither found by a jury nor admitted by the defendant. Id. at 1298-99. The third prong is met, however, only when the defendant shows a reasonable probability that his sentence would have been different absent the error. Id. at 1299.

Following Booker, a defendant's Sixth Amendment rights are violated when his sentence is enhanced under a mandatory guidelines system based upon any fact (other than a prior conviction) that is neither admitted nor proven to a jury beyond a reasonable doubt. Booker, 125 S. Ct. at 756. Moreover, we have held that a defendant's non-constitutional, or statutory, Booker rights are violated when he is sentenced under a mandatory guidelines system that Booker has rendered advisory, even in the absence of Booker constitutional error. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Here, the parties agree that both types of <u>Booker</u> error occurred. That is, the district court used extra-verdict enhancements to reach a Guidelines result (<u>Booker</u> constitutional error), and the court applied the Guidelines in a mandatory fashion (<u>Booker</u> statutory error). Thus, the question of whether Edmonds is entitled to a new sentence under <u>Booker</u> turns on whether he has carried his burden of showing prejudice under the third-prong of the plain error test. We conclude that he has not.

The third prong of the plain-error test "almost always requires that the error must have affected the outcome of the district court proceedings." <u>Rodriguez</u>, 398 F.3f at 1299 (quotation marks and citations omitted). "The standard for showing that is the familiar reasonable probability of a different result formulation, which means a probability sufficient to undermine confidence in the outcome." <u>Id.</u> (quotation marks and citations omitted). In his supplemental brief, Edmonds points to nothing in the record to suggest he would receive a different sentence if we were to remand to the district court for resentencing under an advisory scheme. And our own review of the record, with particular attention to the sentencing transcript and PSI, likewise reveals no basis for a conclusion that under an advisory Guidelines scheme, there is a reasonable probability that Edmonds would have received a more lenient sentence.[3]

---

[3] In fact, the court expressly rejected the factors Edmonds argued in support of a lower sentence, including his age and mental and physical impairments. In imposing sentence, the district court noted that it was "very sorry about Mr. Edmonds's health. . . . I wish that he were a whole

5

Accordingly, we reinstate our prior opinion, with the exception of our discussion concerning <u>Blakely</u>'s application to the Guidelines, for which we substitute the foregoing, and affirm, once again, Edmonds's conviction and sentence after our reconsideration in light of <u>Booker</u>, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED IN PART AND SUBSTITUTED IN PART; AFFIRMED.**

---

man, and that he had not had a heart attack, and that he didn't have the other things that have been described, but I don't control that. And I don't think anything I've read or heard in this case dictates that the sentence ought to be changed because of that."