HLD-114    (March 2011)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4276
_____

THOMAS EDMONDS,
                                        Appellant
                    v.

UNITED STATES OF AMERICA;
DONNA ZICKEFOOS, Warden at FCI Fort Dix Prison
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-10-cv-02669)
District Judge:  Honorable Renée Marie Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2011
Before:  MCKEE, Chief Judge, ALDISERT and WEIS,  Circuit Judges
(Opinion filed:  May 16, 2011)
_____

OPINION
_____

PER CURIAM.

        Thomas Edmonds appeals the District Court's October 28, 2010 order

dismissing his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction.  We will

summarily affirm.

        Edmonds, a federal prisoner currently incarcerated at FCI Fort Dix,

received a 200-month sentence in the United States District Court of the Middle District of Georgia for possession with intent to distribute methamphetamine. See generally United States v. Edmonds, 196 F. App'x 769 (11th Cir. 2006) (affirming sentence and summarizing case background). In 2007, he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel; the District Court denied the motion on February 22, 2011. See Edmonds v. United States, No. 6:02-cr-00020, 2011 U.S. Dist. LEXIS 17054, at *3–4, 14–15 (M.D. Ga. Feb. 22, 2011).

Edmonds filed the instant 28 U.S.C. § 2241 petition in the District Court for the District of New Jersey on May 19, 2010, asserting that "a portion of his prison term was a result of an erroneous sentence enhancement under [United States Sentencing Guidelines] § 2D1.1(b)(1)." Pet. 1, ECF No. 1. He argued an inability to proceed under 28 U.S.C. § 2255 because he had raised a variant of the claim on direct appeal, and "claims that were decided on direct appeal are barred from being raised on a § 2255 petition." Pet. 5. Therefore, he averred, it was proper for him to utilize § 2241.

The District Court disagreed, holding that Edmonds had not "assert[ed] any grounds as to why Section 2255 would be [an] 'inadequate or ineffective' remedy to address his challenges to his federal sentence. All he assert[ed was] that his federal sentence was erroneously enhanced." Edmonds v. United States, No. 10-2669, 2010 U.S. Dist. LEXIS 115230, at *6–7 (D.N.J. Oct. 28, 2010). It therefore dismissed the petition for lack of jurisdiction. Id. at *7.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the denial of a 28 U.S.C. § 2241 petition, we "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005); see also United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996) ("Our review of the district court's order denying . . . relief under 28 U.S.C. § 2241 is plenary."). Third Circuit LAR 27.4 and I.O.P. 10.6 allow us to summarily affirm when it is clear that no substantial question is presented by the appeal. See United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We are in full accord with the opinion of the District Court. It is well settled that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).[1] While Edmonds attempts to avail himself of the "safety valve" of 28 U.S.C. §

---

[1] Edmonds attempts to rely on Reno v. Koray, 515 U.S. 50 (1995)—a pre-AEDPA case—for the proposition that a "§ 2241 petition is [the] proper vehicle for challenging the duration of [a] prisoner's confinement without challenging the underlying conviction." Pet. 4. Koray involved a challenge to sentence credits that were denied by the Bureau of Prisons, which is both well within the traditional heartland of permissible § 2241 actions, see Coady v. Vaughn, 251 F.3d 480, 485–86 (3d Cir. 2001) (collecting cases), and is easily distinguishable from the present situation; Edmonds's attempt to cleave his "sentence" from his "conviction" affords him no relief under the plain language of 28 U.S.C. § 2255, which explicitly covers actions taken by a person "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

3

2255(e), which allows a federal prisoner to challenge his conviction or sentence under § 2241 under certain circumstances, it affords this relief only if "remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Inadequacy is not presumed simply because procedural requirements present an impediment to filing. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538–39 (3d Cir. 2002). Rather, proper use of the safety valve is limited to rare circumstances, such as when a petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law [negated]." See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Here, despite his protestations to the contrary, Edmonds clearly seeks relief that would ordinarily be available under 28 U.S.C. § 2255. That he raised a version of his incorrect-sentencing argument on direct appeal is, in this case, irrelevant to the basic availability of § 2255 relief; indeed, it shows that he *did* have an earlier opportunity to argue the claim. And since he is not prevented from pursuing a § 2255 motion, "habeas corpus relief is unavailable for lack of jurisdiction." Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam). As no substantial issue is before us, we will therefore summarily affirm the judgment of the District Court.

4