HLD-136     (April 2011)                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4291
_____

VICTOR DELGADO,
                                        Appellant
v.

DONNA ZICKEFOOS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-10-cv-03661)
District Judge:  Honorable Renée Marie Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2011
Before:  MCKEE, Chief Judge, ALDISERT and WEIS,  Circuit Judges
Opinion filed: June 7, 2011
_____

OPINION
_____

PER CURIAM.

        Victor Delgado appeals the District Court's order dismissing his habeas

corpus petition for lack of jurisdiction.  We will summarily affirm.

        On January 20, 2005, Delgado pleaded guilty before the United States

District Court for the Northern District of Iowa to various drug-related offenses, and was

1

sentenced to 234 months of imprisonment and a 10-year term of supervised release.  See Judgment, United States v. Delgado, No. 5:04-cr-04043 (N.D. Ia. Jan. 20, 2005), ECF No. 28.  Delgado did not appeal this sentence or a later denial of relief under 18 U.S.C. § 3582.

Now housed at FCI Fort Dix, Delgado filed the instant 28 U.S.C. § 2241 petition in the United States District Court for the District of New Jersey on July 14, 2010, claiming alternately that he was "in custody in violation of Title 21 U.S.C. § 851" (which sets out procedures for sentence enhancements due to prior convictions) and that his counsel's "performance was unreasonable for not noticing and challenging the deficiency" under that section.  He argued that § 2241 relief was proper because he was "not challenging his conviction[;] instead[,] he [was] contesting the § 851 enhancement."

The District Court disagreed, holding that Delgado had not "assert[ed] any grounds as to why Section 2255 would be [an] 'inadequate or ineffective' remedy to address his challenges to his federal sentence.  All he assert[ed was] that his federal sentence was erroneously enhanced."  Delgado v. Zickefoose, No. 10-3661, 2010 U.S. Dist. LEXIS 115109, at *5 (D.N.J. Oct. 28, 2010).  It therefore dismissed the petition for lack of jurisdiction.  Id. at *6.

The District Court was correct.[1]  It is well settled that "[m]otions pursuant

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and "exercise plenary review over the District Court's legal conclusions [while applying] a clearly erroneous standard to its findings of fact."  See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005).

2

to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 applies to claims "that [a] sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack," unless "remedy by motion is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(a), (e). Inadequacy is not presumed simply because procedural requirements, such as the one-year limitations period of § 2255(f), present an impediment to filing. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538–39 (3d Cir. 2002). Rather, proper use of § 2241 as a substitute for § 2255 is limited to rare circumstances, such as when a petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law [negated]." See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Here, Delgado seeks relief that would ordinarily be available under 28 U.S.C. § 2255. Since he was not prevented from pursuing a § 2255 motion, "habeas corpus relief is unavailable for lack of jurisdiction." Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam). As no substantial issue is before us, we will therefore summarily affirm[2] the judgment of the District Court.

---

[2] Third Circuit LAR 27.4 and I.O.P. 10.6 allow us to summarily affirm when it is clear that no substantial question is presented by an appeal. See United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).