Albert Francis FRAZIER, Appellant,

v.

Olin G. BLACKWELL, Warden, United States Penitentiary, Lewisburg, Pennsylvania.

No. 14617.

United States Court of Appeals Third Circuit.

Submitted Nov. 8, 1963.

Decided Nov. 20, 1963.

Rehearing Denied Dec. 27, 1963.

F.2d 194 (3 Cir. 1958); United States ex rel. Josey v. Humphrey, 210 F.2d 826 (3 Cir. 1954); United States v. Anselmi, 207 F.2d 312 (3 Cir. 1953), cert. den. 345 U.S. 947, 73 S.Ct. 868, 97 L.Ed. 1371. The prisoner is limited to the remedy therein provided except when it is inadequate or ineffective to test the legality of his detention. Ibid.

The judgment of the District Court will be affirmed.

Albert Francis Frazier, Lewisburg, Pa., for appellant.

Bernard J. Brown, U. S. Atty., Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for appellee.

Before KALODNER, STALEY and SMITH, Circuit Judges.

PER CURIAM.

The appellant, a prisoner in the United States Penitentiary at Lewisburg, Pennsylvania, filed a petition for a writ of habeas corpus in the court below. He challenged the legality of judgments of conviction entered in the United States District Court for the Western District of Pennsylvania and the United States District Court for the Southern District of Ohio. The said petition was denied on the ground that the remedy available to the appellant under Section 2255 of Title 28 U.S.C., was appropriate and adequate. The present appeal followed. We agree with the decision of the court below.

This Court has heretofore held that a prisoner held in custody pursuant to a judgment of conviction entered in a federal court may not collaterally attack the judgment by habeas corpus where, as here, the remedy available under Section 2255 of Title 28 U.S.C. is adequate. Andrews v. Willingham, 288 F.2d 65 (3 Cir. 1961); Fungone v. United States, 253