Carl Eugene MUCHERINO, Appellant,

v.

Olin G. BLACKWELL, Warden, United States Penitentiary, Lewisburg, Pennsylvania.

No. 14909.

United States Court of Appeals Third Circuit.

Submitted Dec. 17, 1964.

Decided Jan. 19, 1965.

Frank B. Bozza, Maplewood, N. J., for appellant.

Bernard J. Brown, U. S. Atty., Lewisburg, Pa. (Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

Appellant was tried and convicted under Title 18 U.S.C. §§ 472, 473 for conspiracy and substantive counterfeiting offenses in the United States District Court for the District of Maryland. He was sentenced to serve a term of five years on each of the two counts to run concurrently and to pay a fine of $2500 without costs and without further confinement in default of payment of the fine. The conviction was affirmed, United States v. Mucherino, 311 F.2d 172 (4 Cir.1962). One of the other two defendants who stood trial with appellant and was convicted also appealed. That conviction was affirmed in United States v. Wenzel, 311 F.2d 164 (4 Cir.1962). There is no claim that application for certiorari was made in either case. Appellant is confined to the United States Penitentiary at Lewisburg, Pennsylvania where he is serving his said sentence.

This appeal is from the denial of a petition for habeas corpus filed by appellant in the District Court for the Middle District of Pennsylvania. The appeal has been competently and thoroughly argued on behalf of the appellant by new counsel in the case. The major difficulty with it is that appellant's petition relies entirely on trial matters, all of which were before the trial court and the court of appeals. The reason for not going before the trial court under a 2255 petition, setting up the grounds here stated, is, as noted in ap-

pellant's brief, "The trial court's previous denial of the grounds raised in the instant petition, at the trial and subsequent motions for a new trial, would make the application to the trial court inadequate and ineffective to test the legality of petitioner's detention * *."

The facts fully support the holding of Judge Follmer in the district court " * * * that as to any contentions now open to him [appellant], his remedy by motion to the sentencing court to vacate the sentence would be available and entirely adequate, Frazier v. Blackwell, 325 F.2d 154 (3 Cir. 1963), and exclusive, if already made by him, Sims v. Willingham, 300 F.2d 162 (3 Cir. 1962)."

The order of the district court will be affirmed.