**Application of Carmine GALANTE, Appellant.**

**No. 18967.**

United States Court of Appeals, Third Circuit.

Argued Dec. 4, 1970.

Decided Jan. 14, 1971.

Roy M. Cohn, Saxe, Bacon & Bolan, New York City (Peyton Ford, Washington, D. C., Clyde E. Williamson, Williamson & Cupp, Williamsport, Pa., on the brief), for appellant.

Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa. (S. John Cottone, U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before KALODNER, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

The appellant, a prisoner in the United States Penitentiary at Lewisburg, Pennsylvania, filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania,\* challenging judgments of conviction and sentence entered by the United States District Court for the Southern District of New York.

The petition was denied and dismissed for lack of jurisdiction in light of the circumstance that Galante had not applied to the sentencing court for relief pursuant to the provisions of Section 2255 of Title 28 of the United States Code.

Galante urges here, as he did in the court below, that application to the sentencing court, pursuant to the provisions of Section 2255, would afford him an "inadequate and ineffective" remedy to test the validity of his detention. He contends on this score that his petition for habeas corpus relief is premised on

denial of his Sixth Amendment right to effective counsel at his trial, and that the standard prevailing in the sentencing court for testing such a claim is "invalid" and "unconstitutional."

This Court has time and again ruled that in a situation such as here presented habeas corpus relief is unavailable for lack of jurisdiction. United States ex rel. Leguillou v. Davis, 212 F.2d 681, 683, 684 (1954) and its progeny: Mucherino v. Blackwell, 340 F.2d 94, 95 (1965); Frazier v. Blackwell, 325 F.2d 154, 155 (1963); Sims v. Willingham, 300 F.2d 162 (1962), cert. den., 371 U.S. 851, 83 S.Ct. 91, 9 L.Ed.2d 87 (1952).

The cited cases explicitly hold that Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence in first instance.

■ Section 2255 requires a federal prisoner to exhaust his remedies in the sentencing court and in the Court of Appeals for the circuit in which that court is located, and to apply to the Supreme Court for certiorari from a denial of such remedies, as we explicitly stated in Crismond v. Blackwell, 333 F.2d 374, 377 (1964).

■ As we said in *Leguillou*, a motion pursuant to Section 2255 "can be 'inadequate or ineffective to test the legality of * * * detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." 212 F.2d at 684. Here, Galante has not made such a showing.

Anent Galante's contention that a Section 2255 application in the sentencing court would afford him an "inadequate and ineffective remedy," we specifically said in *Leguillou* at pages 683–684 that "doubts about its administration in a particular case" does not make the remedy "inadequate or ineffective."

\* The Lewisburg Penitentiary is located in the Middle District.

Here Galante seeks by his habeas corpus petition to make a collateral attack on legal standards in effect in the Second Circuit. We cannot give sanction to such attack.

The Order of the District Court will be affirmed.