BLD-239                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1653
_____

TROY M. WILLIAMS,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-01744)
District Judge:  Honorable Noel L. Hillman
_____

Submitted by the Clerk for Possible Dismissal for Lack of Jurisdiction
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 9, 2010

Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed  August 2, 2010 )
_____

OPINION
_____

PER CURIAM

Appellant Troy Williams, proceeding pro se, appeals from the District Court's

dismissal of his 28 U.S.C. § 2241 petition.  For the reasons that follow, we will

summarily affirm the judgment of the District Court.

Williams was convicted of drug-related crimes in the United States District Court for the Southern District of West Virginia in 2003. After his conviction and sentence were affirmed on appeal, he filed an unsuccessful motion for relief pursuant to 28 U.S.C. § 2255. Williams then pursued various other motions in the United States Court of Appeals for the Fourth Circuit before filing a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey, where he is presently incarcerated, in April 2009. The District Court held that the claims presented in Williams's 28 U.S.C. § 2241 petition "are quintessential § 2255 claims challenging petitioner's conviction and sentence" which either were or should have been raised in connection with his previous appeals and post-judgment motions. Accordingly, on July 6, 2009, the District Court sua sponte dismissed the petition for lack of subject matter jurisdiction. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002).

On August 21, 2009, Williams filed a document entitled "Motion for Rehearing and Rehearing En Banc Rule 41" in which he again set out the arguments which he believed supported the grant of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This document was filed in the District Court, which forwarded it to this Court. Because the document was mislabeled, it was returned to the District Court, which construed it as a motion for reconsideration. Under former Federal Rule of Civil Procedure 59(e), such a motion had to be filed within 10 days of entry of the underlying judgment. See former

2

Fed. R. Civ. P. 59(e) (amendment effective Dec. 1, 2009). While noting that the motion, so construed, was untimely, the District Court nonetheless exercised its discretion in considering it.[1] Explaining that Williams merely re-stated his initial arguments in his motion, the Court ordered the case re-opened, again denied relief, and ordered the case re-closed. Williams timely filed a notice of appeal.

Because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6. In his filings, Williams thoroughly documents the ways in which his constitutional rights were allegedly violated by the justice system in West Virginia. He does not, however, demonstrate how the New Jersey District Court has jurisdiction over his petition. A motion pursuant to 28 U.S.C. § 2255 is the exclusive means to collaterally challenge the constitutionality of a federal conviction or sentence. See Okereke, 307 F.3d at 120. Such a motion must be filed in the court which imposed the original sentence. See 28 U.S.C. § 2255(a). We have held that a district court cannot consider a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 unless a § 2255 motion would provide an "inadequate or ineffective" means of relief. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not inadequate or ineffective simply because Williams has already been denied relief by the West Virginia courts and therefore may not file another § 2255

_____

[1]Because we agree that the District Court lacked jurisdiction over the § 2241 petition, we need not address at the present time whether this was a proper exercise of the District Court's discretion.

3

motion there.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir.

2002) (per curiam) ("It is the inefficacy of the remedy, not the personal inability to use it,

that is determinative.").  Because the District Court properly concluded that it lacked

subject matter jurisdiction over Williams's 28 U.S.C. § 2241 petition, see Okereke, 307

F.3d at 121, we conclude that this appeal presents no substantial question and, therefore,

will summarily affirm.   See 3d Cir. LAR 27.4; I.O.P. 10.6.