CLD-302                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2301
_____

JOSEPH DIFILIPPO,
Appellant

v.

T. R. SNIEZEK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 10-cv-00406)
District Judge:  Honorable James M. Munley

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010

Before:  BARRY, FISHER and GREENAWAY, JR., Circuit Judges.

(Filed: October 12, 2010 )
_____

OPINION
_____

PER CURIAM.

    Joseph DiFilippo appeals the District Court's order dismissing his habeas corpus

petition filed under 28 U.S.C. § 2241.  We will affirm.

In 2005, DiFilippo entered a guilty plea in the United States District Court for the Middle District of Pennsylvania to one count of distribution and possession with intent to distribute in excess of 50 grams of cocaine base. Prior to sentencing, the Probation Office determined that DiFilippo is a career offender due in part to a finding that his prior conviction for escape constitutes a crime of violence. As a career offender, DiFilippo's guidelines range was determined under U.S.S.G. § 4B1.1(b), and he faced 262 to 327 months in prison. The District Court agreed that DiFilippo is a career offender, granted a downward adjustment for substantial assistance, and imposed a sentence of 120 months in prison, which reflected the statutory minimum sentence. DiFilippo did not appeal.

In 2008, he filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduction in sentence in light of the Sentencing Commission's retroactively applicable amendments lowering the base offense level for crack cocaine offenses under § 2D1.1(c). The District Court denied the § 3582 motion, and this Court affirmed. We explained that, because DiFilippo's base offense level as a career offender was determined under § 4B1.1(b) and was higher than the offense level calculated under § 2D1.1(c), the higher level applied. Thus, because the crack cocaine amendments did not affect the sentencing range, § 3582(c)(2) did not authorize a reduction for DiFilippo. See C.A. No. 08-3798 (not precedential opinion filed July 22, 2009).

2

In February 2010, DiFilippo filed a § 2241 habeas petition in the Middle District of Pennsylvania, his district of incarceration. He argued that the sentencing court improperly treated him as a career offender because his escape conviction can no longer be considered a crime of violence in light of Chambers v. United States, 129 S. Ct. 687, 691-92 (2009) (holding that failure to report is separate crime from escape, and that because failure to report does not involve conduct that presents a serious potential risk of physical injury to another, it is not a violent felony under the Armed Career Criminal Act). DiFilippo also relied upon United States v. Hopkins, 577 F.3d 507 (3d Cir. 2009), where we noted that the crack cocaine amendments "would authorize [defendant] to file a motion pursuant to 18 U.S.C. § 3582(c) for a reduction of the sentence he is currently serving if he has not been properly sentenced as a career offender." Id. at 509. Because DiFilippo believes that his escape conviction can no longer support the career offender determination, he argued that he is now entitled to a sentence reduction under the amended crack cocaine guidelines – the same reduction that he sought unsuccessfully through his earlier § 3582(c) motion.

A Magistrate Judge recommended summary dismissal of the § 2241 petition for lack of jurisdiction, concluding that DiFilippo's recourse is to seek permission from this Court to file "second or successive § 2255 motion" based on Chambers and Hopkins. The Magistrate Judge found that § 2255 provides an available remedy for DiFilippo's claim. The Magistrate Judge appears to have assumed that DiFilippo's prior motion for a

3

reduction in sentence was filed under § 2255, and thus concluded that DiFilippo must seek permission under 28 U.S.C. § 2244 to file a second or successive § 2255 motion.

The District Court conducted a de novo review of the Report and Recommendation in light of DiFilippo's objections. It agreed that DiFilippo's claim cannot be raised under § 2241 because he has not shown that the remedy under § 2255 is inadequate or ineffective. Unlike the Magistrate Judge, however, the District Court noted that DiFilippo's prior post-conviction proceeding was filed under § 3582(c), not under § 2255, and as such DiFilippo does not need to seek permission from this Court before proceeding with his claim under § 2255. The District Court thus dismissed the § 2241 petition for want of jurisdiction and directed DiFilippo to seek relief in a proceeding under § 2255.

DiFilippo timely filed this appeal from the order dismissing his § 2241 petition. In addition, as reflected in the District Court's publicly available docket, DiFilippo filed a § 2255 motion after the dismissal of his § 2241 petition. See M.D. Pa. Crim. No. 05-cr-00071. The sentencing court ordered service of the § 2255 motion, and the government has filed a brief in opposition to the motion on the merits. Proceedings on the § 2255 motion remain pending before the sentencing court.

We have appellate jurisdiction under 28 U.S.C. § 1291 to review the dismissal of DiFilippo's § 2241 petition. "We exercise plenary review over the district court's legal

4

conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

DiFilippo argues on appeal that the District Court erred in dismissing his § 2241 petition insofar as it failed to "construe his petition . . . as a § 2255 motion, [once] the Court determined his claims were those that should be brought under § 2255." Response re: Summary Action at 4. As mentioned, DiFilippo filed a motion under § 2255 following the dismissal of his § 2241 petition, and his § 2255 motion is now pending before the sentencing court. We need not consider, therefore, whether the § 2241 petition should have been re-characterized as a § 2255 motion under the circumstances presented here, as the sentencing court presently has before it a § 2255 motion raising the same claim that DiFilippo sought to raise in this § 2241 proceeding.

Moreover, we conclude that the District Court did not err in directing DiFilippo to seek relief under § 2255. A motion under § 2255 is the presumptive means through which a federal prisoner must raise a post-conviction challenge to his sentence. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). More specifically, a habeas corpus petition filed by a federal prisoner "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would

prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.

DiFilippo has not made this showing. Indeed, we do not understand him to contend on this appeal that § 2255 provides an inadequate or ineffective remedy for his claim challenging the career offender determination. As noted, his § 2255 motion is presently under consideration before the sentencing court, and there is no indication that DiFilippo will not receive a full and fair adjudication in that proceeding. On this record, the District Court properly dismissed the § 2241 petition in favor of a proceeding under § 2255. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam).

For these reasons, we conclude that this appeal presents "no substantial question." 3d Cir. I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.