CLD-180                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1123
_____

ISMAEL LUGO,
                                        Appellant

v.

DONNA ZICKEFOOSE, Warden, F.C.I. Fort Dix
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-00920)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for a Decision on the Issuance of a Certificate of Appealability and for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed May 13, 2011)

_____

OPINION
_____

PER CURIAM

      Ismael Lugo appeals pro se from an order of the United States District Court for

the District of New Jersey dismissing his habeas petition under 28 U.S.C. § 2241 for lack

of jurisdiction.  We will affirm.

1

In September 2005, pursuant to a written plea agreement with the Government,[1] Ismael Lugo plead guilty in the United States District Court for the Southern District of New York to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, conspiracy to import five kilograms or more of cocaine into the United States, and conspiracy to commit money laundering. In exchange for his guilty plea, the Government agreed to stipulate to a sentence within or below the sentencing range under the Guidelines of 210 months to 262 months. In May 2006, Lugo was sentenced to 210 months in prison. He did not appeal.

Lugo filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the District Court denied in January 2008, based on Lugo's knowing, intelligent, and voluntary waiver of his right to seek collateral relief regarding his sentence. He then filed two additional § 2255 motions attacking his sentence and conviction in 2008 and in 2009. In each instance, the District Court for the Southern District of New York deemed the motion to be an application under 28 U.S.C. § 2244 to obtain leave to file a second or successive § 2255 motion and transferred the matter to the Second Circuit Court of Appeals. The Second Circuit Court of Appeals denied § 2244 relief in both cases because Lugo failed to complete the requisite § 2244 application. See Lugo v. United States, C. A. Nos. 08-4499 (2d Cir. Oct. 29, 2008), and 09-3790 (2d Cir. Nov. 9, 2009).

In February 2010, in the United States District Court for the District of New

---

[1] Among other things, the plea agreement provides that Lugo "will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range set forth above. . . ." (§

Jersey, Lugo filed a petition for habeas corpus under 28 U.S.C. § 2241, claiming that his sentence should be vacated because he was not present when it was imposed, and asserted his actual innocence of the crime of conspiracy to money launder ("money-laundering conviction"). Specifically, Lugo claimed that he was entitled to a new trial on his money laundering conviction because the factual predicate for his plea was insufficient to show that the revenue generated by his drug trafficking operation constituted "proceeds" under United States v. Santos, 553 U.S. 507 (2008), a decision issued after Lugo's conviction became final. Thus, Lugo argued, he was eligible for relief under the "Savings Clause" pursuant to §§ 2241 and 2255. The Government disagreed, claiming, among other things, that Lugo's second claim (challenging the money-laundering conviction) was barred by Lugo's knowing, intelligent, and voluntary waiver and that, in any event, the claim did not satisfy § 2241's safety valve provision because Lugo failed to establish his actual innocence based on an intervening change in the law. The Government claimed that the District Court lacked jurisdiction to consider the petition as a § 2255 motion because it was a second or successive such motion that required prior authorization for filing by the Second Circuit Court of Appeals.

The District Court dismissed with prejudice Lugo's § 2241 petition as a second or successive motion under § 2255, for lack of subject matter jurisdiction to consider it. Specifically, the court held that Lugo failed to demonstrate "his actual innocence as a result of a retroactive change in the substantive law that negates the criminality of his

2241 petition, Exh. "B" at 6.) Lugo acknowledged that he agreed to the waiver provision at the plea hearing. (Id., Plea Hrg. Tr., Exh. "C" at 11.)

3

conduct for which he had no other opportunity to seek judicial review." (D. Ct. Op. at 9-10) (citing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The court noted that neither the Supreme Court nor any other federal court has held that Santos is retroactive to cases on collateral review. Assuming without deciding that Santos applied retroactively to cases on collateral review, the District Court first noted that, as a plurality opinion, Santos must be limited to its narrowest grounds, which was represented by the concurring opinion of Justice Stevens. (D. Ct. Op. at 13) (citing United States v. Santos, 553 U.S. at 525-526 and n.3 (Stevens, J., concurring) (disagreeing with the plurality that the rule of lenity applies to the definition of "proceeds" in gambling money laundering cases)). Because Santos afforded no basis for supporting Lugo's argument that he was actually innocent of the money-laundering conviction, and because his conviction did not pose a merger problem under Santos, the District Court ruled that Santos did not represent an intervening change in the law that rendered non-criminal Lugo's money-laundering conviction. Accordingly, the court ruled that Lugo failed to demonstrate that § 2255 was an "inadequate or ineffective remedy." (Id. at 15.)

Absent any circumstances amounting to a miscarriage of justice justifying application of § 2255's safety-valve provision, the District Court ultimately held that the petition must be considered as a second or successive § 2255 motion. Because Lugo failed to receive prior authorization to file such a motion from the Second Circuit Court of Appeals, the District Court dismissed the petition, noting, however, that the dismissal did not preclude him from seeking permission to file a successive § 2255 motion from the Second Circuit. (Id. at 17.) Lugo timely appealed.

4

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Upon de novo review of the record and careful consideration of Lugo's submissions on appeal, we conclude that no substantial question is presented on appeal and that summary action is warranted. See LAR 27.4 and I.O.P. 10.6.

The District Court correctly held that Lugo failed to show that his § 2241 petition was warranted under § 2255's safety-valve provision. As we have long recognized, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (quoting § 2255(e)); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) ("This Court has time and again ruled that in a situation such as here presented habeas corpus relief is unavailable for lack of jurisdiction."). In Dorsainvil, we explained that § 2255 may be inadequate or ineffective where an intervening change in law potentially made the conduct for which the petitioner was convicted non-criminal. See In re Dorsainvil, 119 F.3d at 251. The exception is narrow and does not apply simply because the petitioner is prevented from litigating his claims by § 2255(h)'s gatekeeping requirements. See Cradle, 290 F.3d at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

We agree with the District Court's reasoning and analysis that the Santos decision does not amount to an intervening change in law. As Justice Alito pointed out in his dissent, "five Justices agree with the position" that "the term 'proceeds' 'include[s] gross revenues from the sale of contraband and the operation of organized crime syndicates

5

involving such sales.'" Santos, 553 U.S. at 531-32 & n.1 (quoting Justice Stevens's concurrence). Thus, even if the factual predicate failed to show that the money involved in Lugo's money-laundering conviction constituted profits from drug sales, his conviction on this count must stand because, the term "proceeds" includes gross revenues for drug sales.

We also agree with the District Court's ultimate conclusion that it lacked subject matter jurisdiction over the petition, treated as a second or successive § 2255 motion. Lugo failed to obtain prior authorization from the Second Circuit of Appeals. Moreover, as the court of confinement, the District Court lacked jurisdiction to consider Lugo's § 2255 motion because such motions must be filed in the sentencing court.

Accordingly, we will affirm the judgment of the District Court, modified as a dismissal without prejudice to the Petitioner's pursuit of an application under 28 U.S.C. § 2244 in the Second Circuit Court of Appeals.