CLD-215                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2063
_____

CARLO S. SMART,
                                        Appellant

v.

WARDEN KIRBY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-11-cv-00948)
District Judge:  Honorable Joseph E. Irenas
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2011
Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: July 7, 2011)
_____

OPINION
_____

PER CURIAM

Carlo Smart, an inmate at FCI-Fairton, appeals the District Court's order

dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We have

jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary

review over the District Court's legal conclusions and apply a clearly erroneous standard

to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). For the reasons discussed below, we will summarily affirm the District Court's order.

In October 2007, Smart pleaded guilty in the District Court to transporting stolen goods in interstate commerce in violation of 18 U.S.C. § 2314, and was sentenced to 27 months' imprisonment. Soon thereafter, the State of New Jersey revoked Smart's parole; Smart was held in state custody on the parole violation until January 2010. He was then released to federal custody and began serving his federal sentence.

In April 2010, Smart filed a motion under 28 U.S.C. § 2255. In this motion, he claimed that his trial counsel was ineffective both because he failed to inform Smart of the possibility that his federal sentence could run consecutively to his state sentence for the parole violation and because he failed to request that the District Court order the sentences to run concurrently. The District Court denied these claims on the merits.

Smart then filed the petition under 28 U.S.C. § 2241 that is at issue here. He claimed that (1) his trial counsel was ineffective for the same reasons set forth in his § 2255 motion; (2) the District Court violated 18 U.S.C. § 3584 and United States Sentencing Guidelines § 5G1.3 by failing to state during sentencing whether the sentence would run consecutively or concurrently to the not-yet-imposed state sentence; and (3) federal authorities erred by releasing him to state custody and permitting the state sentence to commence before the federal sentence. The District Court concluded that it lacked jurisdiction to review Smart's petition because the claims could be raised only in a § 2255 motion, and thus dismissed it. Smart then filed a timely notice of appeal.

2

We will affirm the District Court's order. As an initial matter, we agree with the District Court that Smart's claims of ineffective assistance of counsel and sentencing error can be pursued only under § 2255. While a prisoner may rely on § 2241 to challenge the execution of a sentence, see Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001), Smart has not raised such a claim. His sentencing claim alleges that the District Court erred in imposing the underlying sentence. Cf. Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990) (explaining that challenge to a Bureau of Prisons' decision may proceed under § 2241). His claim concerning his counsel's performance likewise represents a straightforward attack on the legality of his sentence. Presumptively, these types of claims may be raised only in a § 2255 motion. See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004) (claim of sentencing error); Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (ineffective assistance of counsel).

There is an exception to the general rule requiring prisoners to proceed under § 2255 where "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [the] detention." § 2255(e). In In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), we explained that § 2255 may be inadequate or ineffective where an intervening change in law has potentially made the conduct for which the petitioner was convicted non-criminal. However, this narrow exception does not apply here: section 2255 is not inadequate or ineffective in this case simply because the District Court has previously refused to grant relief and § 2255(h)'s gatekeeping requirements limit Smart's ability to litigate his current claims. See Cradle, 290 F.3d at 539. Therefore, the District Court was correct to dismiss these claims. See Application of Galante, 437 F.2d at 1165 ("This

3

Court has time and again ruled that in a situation such as here presented habeas corpus relief is unavailable for lack of jurisdiction.").

We also conclude that Smart's final claim — that it was improper for federal authorities to relinquish jurisdiction over him to New Jersey after his federal sentencing — lacks merit. We have explained that "[t]he exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner." Bowman v. Wilson, 672 F.2d 1145, 1154 (3d Cir. 1982). Smart thus lacks standing to challenge the sequence in which he was required to serve his sentences. See id.; see also Poland v. Stewart, 117 F.3d 1094, 1098 (9th Cir. 1997).

Accordingly, the District Court properly dismissed Smart's § 2241 petition, and we will summarily affirm its order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.