GLD-237                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2547
_____

ASTOLFO TORRES,
                              Appellant

v.

UNITED STATES OF AMERICA;
DONNA ZICKEFOOSE, Warden at Fort Dix Prison
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-4949)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2011

Before:  AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed: July 26, 2011)
_____

OPINION
_____

PER CURIAM

    Astolfo Torres, proceeding pro se, appeals the District Court's dismissal of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons that

follow, we will summarily affirm the judgment of the District Court.

Torres is presently incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey. He pleaded guilty in 2004 to various crimes relating to the distribution of cocaine in the Southern District of Florida and was sentenced to 108 months' incarceration. His direct appeal to the Eleventh Circuit was dismissed as untimely, and his subsequent motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, was denied on its merits. In 2008, Torres filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of New Jersey, where he is confined. That petition, which attacked his conviction and sentence, was dismissed for lack of jurisdiction. Torres v. Grondolsky, No. 1:08-cv-4811 (D.N.J. 2008). Torres did not appeal.

In September 2010, Torres initiated this case by filing another § 2241 petition. In it he averred that he is actually innocent because, under the Supreme Court's recent decision, Padilla v. Kentucky, 130 S. Ct. 1473, 1486 (2010), his trial counsel was constitutionally ineffective for failing to inform him that a guilty plea carries a risk of deportation. The District Court construed his petition as a second or successive § 2255 motion, and dismissed his petition for lack of jurisdiction. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Torres appealed.[1]

A motion pursuant to 28 U.S.C. § 2255 is the primary means to collaterally challenge a federal conviction or sentence. See In re Dorsainvil, 119 F.3d 245, 249 (3d

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's legal conclusions is plenary. See Rios v. Wiley, 201 F.3d 257, 262 (3d

Cir. 1997). A federal prisoner can seek relief from an unconstitutional sentence or conviction under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). We have held that § 2255 is inadequate or ineffective where an intervening change in substantive law has potentially made the conduct for which the petitioner was convicted non-criminal. Dorsainvil, 119 F.3d at 248. Even assuming, *arguendo*, that Padilla is retroactively applicable on collateral review, that case does not represent a change in *substantive* law. The conduct for which Torres was convicted remains criminal and his claim of "actual innocence" is otherwise unsubstantiated. His claims should therefore have been raised via a § 2255 motion in the Southern District of Florida, his court of conviction, and not in the District of New Jersey.[2] See Galante, 437 F.2d at 1165; 28 U.S.C. § 2255. Accordingly, the District Court lacked jurisdiction over Torres' petition, and correctly dismissed the action.

Accordingly, we conclude that Torres' appeal presents no substantial question, and will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6. The petition for a certificate of appealability is denied as unnecessary.

---

Cir. 2000).

[2] Of course, because Torres has already brought a § 2255 action, he cannot now file another without leave from the Eleventh Circuit. 28 U.S.C. § 2255(h). We concur with the District Court that construing Torres' petition as one for leave to file a second or successive § 2255 motion and transferring it to that Court would not be in the interest of justice. 28 U.S.C. § 1631.

3