CLD-224                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1929
_____

DWAYNE LARCEL BROWN,
                                                        Appellant

v.

R. MARTINEZ, Warden
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-00384)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: August 5, 2011)
_____

OPINION
_____

PER CURIAM

    Appellant Dwayne Larcel Brown, proceeding pro se, appeals from the District

Court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

For the reasons that follow, we will summarily affirm the judgment of the District Court.

1

Brown is presently incarcerated at the Federal Correctional Institution at Allenwood, Pennsylvania. In 2004, he pled guilty to bank robbery in the United States District Court for the Middle District of Florida. He was sentenced as a career offender to 170 months in prison, followed by supervised release. His direct appeal was dismissed by the United States Court of Appeals for the Eleventh Circuit based on an appeal waiver clause in his plea agreement. Brown subsequently filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied.

Brown then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, where he was imprisoned. The petition was dismissed, and Brown did not appeal. Brown returned to the Middle District of Florida, where he attempted to pursue various other post-judgment remedies. When those were unsuccessful, he initiated the underlying proceedings by filing a second 28 U.S.C. § 2241 petition. In it he sought to raise a challenge to his sentence which had not previously been made. Brown alleged that he was wrongly designated a career offender based on a clerical error in a state court judgment. Specifically, he averred that in 1997, he was charged with second degree assault and battery, but pled guilty to the lesser offense of robbery and assault. He stated that he informed trial counsel of this information during his federal sentencing proceeding but counsel took no action.

The District Court held that the relief Brown sought might be available to him via a 28 U.S.C. § 2255 motion filed in the district of sentencing. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Application of Galante, 437 F.2d 1164, 1165

2

(3d Cir. 1971). However, since Brown had already filed such a motion, he would have to meet the requirements of 28 U.S.C. § 2244 in order to be able to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h). Brown readily admitted that he could not overcome this hurdle. Because Brown could not demonstrate that § 2255 provided an inadequate or ineffective remedy, the District Court dismissed his petition. See Galante, 437 F.2d at 1165. Brown appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We will summarily affirm the order of the District Court because this appeal presents no substantial question. See 3d Cir. LAR 27.4 & I.O.P. 10.6. A motion pursuant to 28 U.S.C. § 2255 is the primary means to collaterally challenge a federal conviction or sentence. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). We have held that the District Court may not consider claims properly brought under § 2255 in a § 2241 habeas corpus petition unless § 2255 would provide an "inadequate or ineffective" means of relief. See Galante, 437 F.2d at 1165. Section 2255 is not inadequate or ineffective simply because Brown is prevented by the gatekeeping requirements of § 2255(h) from litigating his present claims. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."). Furthermore, as the District Court noted, Brown must seek relief in the sentencing court -- in this case, the Middle District of Florida, and not in the Middle District of Pennsylvania. See Galante, 437 F.2d at 1165.

For all of these reasons, we will summarily affirm the judgment of the District

Court.  <u>See</u> 3d Cir. LAR 27.4 & I.O.P. 10.6.