DLD-257                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2796
_____

TEDDY ATKINSON,
                    Appellant

v.

DONNA ZICKEFOOSE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-2600)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 4, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed:  September 7, 2011)
_____

OPINION
_____

PER CURIAM

        Atkinson, proceeding pro se, appeals the District Court's dismissal of his petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we

will summarily affirm the judgment of the District Court.

Atkinson was convicted of various drug-related offenses in the Northern District of New York and is presently incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey.  After his direct appeal to the United States Court of Appeals for the Second Circuit, he filed a motion before the trial court to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  That motion was denied as time barred in 2005.  Atkinson v. United States, No. 05-cv-286, 2005 WL 3555946 (N.D.N.Y. 2005).

Atkinson initiated this case by filing a § 2241 petition in the District of New Jersey in which he raised claims of ineffective assistance of trial and appellate counsel.  He additionally argued that he was entitled to equitable tolling of AEDPA's one-year statute of limitations and that the Northern District of New York had erred in dismissing his original § 2255 motion as untimely.  The District Court held that a § 2255 motion was not an inadequate or ineffective means to raise Atkinson's claims, and § 2241 relief was therefore unavailable.  The District Court dismissed the petition for lack of jurisdiction, and Atkinson appealed.[1]

The District Court correctly dismissed Atkinson's petition.  "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  A federal prisoner can seek

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.  Our review of the District Court's legal conclusions is plenary. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000).

relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002). The "inadequate or ineffective" exception is narrow, and does not apply simply because a petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. <u>Okereke</u>, 307 F.3d at 120 (quoting <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997)). Although Atkinson contends that § 2255 is inadequate or ineffective to raise his claims, he offers no explanation or argument in support. Atkinson raised the same claims in his original, unsuccessful § 2555 motion, and the instant § 2241 petition was no more than an attempt to relitigate that action. Atkinson was therefore not entitled to raise his claims under § 2241.[2] Accordingly, the District Court lacked jurisdiction over Atkinson's claims and correctly dismissed the action.

Because Atkinson's appeal presents no substantial question, we will summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. LAR 27.4 & I.O.P. 10.6. His motion for the appointment of counsel is denied.

---

[2] Any § 2255 motion attacking Atkinson's conviction or sentence should be brought in the Northern District of New York – his court of conviction – and not in the District of New Jersey. <u>See</u> <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971). Of course, because Atkinson has already brought a § 2255 action, he cannot now file another without leave from the Second Circuit. 28 U.S.C. § 2255(h). We concur with the District Court that construing Atkinson's petition as one for leave to file a second or successive § 2255 motion and transferring it to that Court would not be in the interest of justice. 28 U.S.C. § 1631.