CLD-133                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3376
_____

AMAR KHALID ABED, OBAYDA HANIFI ABED,
                                                            Appellants

v.

WARDEN B.A. BLEDSOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 4-10-cv-01617)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915 (e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 8, 2012
Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 4, 2012)
_____

OPINION
_____

PER CURIAM

        Amar and Obayda Abed, inmates of the United States Penitentiary in Lewisburg,

Pennsylvania, appeal the District Court's order dismissing their petition for a writ of

habeas corpus under 28 U.S.C. § 2241.  We have jurisdiction over this appeal pursuant to

28 U.S.C. § 1291, and we exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). For the reasons discussed below, we will summarily affirm the District Court's order.

In March 1998, the Abeds were convicted in the United States District Court for the Western District of Virginia of, among other things, using a destructive device during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). That charge concerned the Abeds' use of a Molotov cocktail to commit arson. Amar and Obayda were sentenced to 570 and 497 months' imprisonment, respectively. The Abeds appealed, and the Fourth Circuit affirmed their criminal judgments. See United States v. Abed, 203 F.3d 822 (4th Cir. 2000) (unpublished table decision).

Thereafter, in 2001, the Abeds filed a motion under 28 U.S.C. § 2255. Among their arguments was a claim that the District Court "invaded the province of the jury by instructing the jury that a Molotov Cocktail, 'a device consisting of a bottle, gasoline, and a rag,' is an incendiary destructive device," rather than submitting that issue to the jury. Abed v. United States, Civ. A. No. 01-0383, 2001 WL 1343394, at *1 (W.D. Va. Oct. 19, 2001). The District Court held that the Abeds had defaulted the claim because they had raised it neither at trial nor on appeal, and had failed to show actual prejudice or actual innocence. See id. The Fourth Circuit refused to issue a certificate of appealability.

After filing several other motions not relevant here (all of which were denied), the Abeds filed a petition under § 2241 in the United States District Court for the Middle

District of Pennsylvania.  In their § 2241 petition, the Abeds reiterated their claim that the question of whether a Molotov cocktail qualifies as a "destructive device" under § 924(c) should have been submitted to the jury rather than resolved by the District Court.  In support of this argument, the Abeds cited United States v. O'Brien, 130 S. Ct. 2169, 2180 (2010), where the Court held that, for purposes of § 924(c), whether the firearm at issue was a machine gun is an issue that must be proved to the jury beyond a reasonable doubt.

The District Court, approving and adopting a magistrate judge's report and recommendation, concluded that the Abeds' petition was in essence a successive § 2255 motion, and thus dismissed it for lack of jurisdiction.  See § 2255(h).  The Abeds then filed a timely notice of appeal.

We agree with the District Court's analysis.  As we have recognized, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) ("This Court has time and again ruled that in a situation such as here presented habeas corpus relief is unavailable for lack of jurisdiction.").  Thus, in cases like this one, prisoners may proceed under § 2241 only where "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [the] detention." § 2255(e).  In In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), we explained that § 2255 may be inadequate or ineffective where an intervening change in law has potentially made the conduct for which the petitioner was convicted non-criminal.  See id. at 248

(permitting use of § 2241 in case of "party who claims that s/he is factually or legally innocent as a result of a previously unavailable statutory interpretation"). However, the exception is narrow: a motion under § 2255 is not inadequate or ineffective simply because a district court has denied relief or the petitioner is prevented by § 2255(h)'s gatekeeping requirements from litigating his current claims. See Cradle, 290 F.3d at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

The Abeds argue that this exception applies to them because a change in law wrought by O'Brien has rendered them actually innocent of the charge under § 924(c). We disagree, for two reasons. First, O'Brien did not announce a new rule of law; rather, it recognized that the holding of Castillo v. United States, 530 U.S. 120, 123-24 (2000) — that the particular firearm type in § 924(c) is an element of the offense that must be found by the jury — remained valid notwithstanding an intervening statutory amendment to § 924(c). The Abeds cited Castillo in support of this argument in their § 2255 motion. Thus, in this case, unlike Dorsainvil, the Abeds did previously have "an opportunity to challenge [the] conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1)." 119 F.3d at 251. Further, § 2255 is not rendered inadequate or ineffective "merely because the sentencing court [did] not grant relief." Cradle, 290 F.3d at 539.

Second, O'Brien did not render the conduct for which the Abeds were convicted non-criminal. Rather, it merely emphasized that the identity of the weapon is a question for the jury, not the court. See generally Logan v. United States, 434 F.3d 503, 509-10

4

(6th Cir. 2006) (explaining that the Supreme Court's opinion in <u>Jones v. United States</u>, 526 U.S. 227 (1999), "concerning who must find a fact (not what fact must be found), in no way renders [defendant's] conduct legal. The substance of the law did not change; only the procedure changed."). The Abeds have not argued that a Molotov cocktail does not qualify as a "destructive device" under § 924(c), <u>see generally</u> <u>United States v. York</u>, 600 F.3d 347, 354 (5th Cir. 2010) ("[w]e hold that a Molotov cocktail falls within the definition of a destructive device"); instead, they contend only that the jury should have been the one to find this fact. They thus cannot show that a change in law has "negate[d]" the crime for which they were convicted. <u>Dorsainvil,</u> 119 F.3d at 251; <u>see also</u> <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002).

For these reasons, we conclude that the Abeds have failed to show that § 2255 is inadequate or ineffective, and that the District Court therefore properly dismissed their § 2241 petition. Accordingly, we will summarily affirm the District Court's order. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.