ALD-208                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4418
_____

MATTHEW ROBERT DESCAMPS,
                                                              Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 14-cv-01773)
District Judge: Honorable James M. Munley
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and/or for a
Certificate of Appealability Pursuant to 28 U.S.C. § 2253
May 21, 2015
Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: June 11, 2015)

_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Matthew Robert Descamps appeals from an order of the District Court dismissing his petition for writ of habeas corpus, 28 U.S.C. § 2241, for lack of jurisdiction. For the reasons that follow, we will summarily affirm.

Descamps was convicted following a jury trial in the United States District Court for the Eastern District of Washington of violating 18 U.S.C. § 922(g) (felon in possession of firearm and ammunition). In January, 2008, he was sentenced pursuant to the Armed Career Criminal Act ("ACCA") to a term of imprisonment of 262 months. The Court of Appeals for the Ninth Circuit affirmed, but the case was remanded for resentencing by the United States Supreme Court, see Descamps v. United States, 133 S. Ct. 2276 (2013) (petitioner's California burglary conviction did not qualify as ACCA predicate violent felony under categorical approach). Upon remand, the District Court determined that Descamps qualified for a sentence under the ACCA based on a different qualifying conviction and again sentenced Descamps to a term of imprisonment of 262 months, see United States v. Descamps, E.D. Wash. Crim. No. 05-cr-00104, Docket Entry No. 579, filed 3/24/14 (Resentencing Judgment). Descamps has appealed this sentence, and his appeal remains pending in the Ninth Circuit, see C.A. No. 14-30055.

At issue here, Descamps, who is incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania on September 8, 2014, alleging that his new federal sentence is unlawful, and that he is being detained without proper dental and medical treatment. In an order entered on October 22, 2014, the District Court dismissed the petition for lack of jurisdiction.

2

Descamps subsequently moved for reconsideration and requested to be permitted to amend his § 2241 petition. In an order entered on November 6, 2014, the District Court denied reconsideration and leave to amend.

Descamps appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised him that his appeal was subject to summary action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6, and that the Court would also consider whether a certificate of appealability is required for the purpose of this appeal.[1] Descamps has submitted a summary action response in which he states that he has no teeth to eat with, and a motion to amend his § 2241 petition, which we will treat as a supplemental summary action response.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. To the extent that Descamps challenged the adequacy of the dental and mental care he is receiving, he is challenging the conditions of his confinement; his claims do not sound in habeas corpus. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). The proper means for seeking relief for these claims is a civil rights action against the Bureau of Prisons for damages or injunctive relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), *after* available administrative remedies have been exhausted, 42 U.S.C. 1997e(a); Porter v. Nussle, 534 U.S. 516, 524

---

[1] A certificate of appealability is not required to appeal from the denial of § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

(2002). The District Court's dismissal of Descamps' § 2241 petition was without prejudice to his right to file a proper civil rights action.

To the extent that Descamps challenged his March, 2014 resentencing, a § 2241 petition in the district of confinement is, again, not the way to proceed. Descamps is still in the process of pursuing his direct appeal in the Ninth Circuit Court of Appeals. The remedy afforded by § 2241 is not an alternative to a direct appeal. Cf. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (federal prisoner must first exhaust his remedies in sentencing court and in court of appeals for circuit in which sentencing court is located and then apply to Supreme Court for certiorari). Once that direct appeal is concluded, if he is unsatisfied with the result, Descamps may pursue a motion to vacate sentence, 28 U.S.C. § 2255, in the sentencing court, see Davis v. United States, 417 U.S. 333, 345-46 (1974). A § 2241 petition filed in the district of confinement, in contrast, will only be entertained where "a prisoner [ ] had *no earlier opportunity to challenge his conviction* for a crime that an intervening change in substantive law" negated. In re: Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (emphasis added). In that Descamps' direct appeal remains pending, and he has not yet pursued § 2255 relief in the sentencing court, he has not demonstrated that he must resort to a § 2241 petition.

Accordingly, the District Court properly dismissed the § 2241 petition for lack of jurisdiction, and properly denied leave to amend. A District Court has discretion to deny leave when the amendment would be futile, as it would be here. Grayson v. Mayview State Hospital, 293 F.3d 103, 113-14 (3d Cir. 2002).

4

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Descamps' § 2241 petition and denying his request for reconsideration and to amend.