CLD-365                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3159
_____

IN RE:  DAVID JAMES WARD,
                                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 2-96-cr-000061-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 28, 2016
Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 10, 2016)
_____

OPINION[*]
_____

PER CURIAM

     Petitioner David James Ward filed this petition for a writ of mandamus pursuant to

28 U.S.C. § 1651, seeking to have this Court act directly or compel the District Court to

rule on Ward's pending § 2255 motion, resulting in the modification of Ward's sentence.

We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 1996, Ward was indicted for kidnapping, and entered into a guilty plea which had a Sentencing Guidelines range of 210-262 months. Ward also pleaded guilty to a sexual assault that occurred during the kidnapping. The District Judge enhanced Ward's sentence to 720 months. Ward argues that because the grand jury did not indict him for the sexual assault, the District Judge applied an unconstitutional sentencing enhancement to find that an aggravated rape had occurred during the crime and thereby violated Ward's right to due process. Ward rests his argument on the contention that the indictment returned by the grand jury did not set forth the essential elements of the aggravated crime of sexual assault, even though Ward admits in his papers that the assault occurred and he pleaded guilty to it. Ward concludes that the District Court "simply does not have the authority to accept a plea to an offense not charged in the indictment" and argues that his sentence should be reduced. Critically for our purposes here, Ward has stated in his petition that he has filed an "emergency Motion 28 U.S.C. 2255" with the sentencing court regarding these issues. Ward asks this Court to act directly or to compel the District Court to act upon his § 2255 motion.

A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). A petitioner must show "no other adequate means to attain the desired relief, and . . . [a] right to the writ [that] is

clear and indisputable.'"  In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citing

Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 861 (3d Cir. 1994)).

Here, Ward has not demonstrated that he has "no other means to attain the desired

relief."  He has simultaneously filed a § 2255 motion that is pending in the District Court.

A motion to vacate sentence under 28 U.S.C. § 2255 is the presumptive means to

challenge collaterally a federal conviction or sentence.  See In re Dorsainvil, 119 F.3d

245, 249 (3d Cir. 1997); Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

There is no evidence that the District Court is refusing to exercise its jurisdiction or

undertake its duties.  Given that consideration of the § 2255 motion is underway, Ward

has not established a "clear and indisputable" concurrent right to relief by writ of

mandamus.

We conclude that there are no grounds here for an extraordinary remedy.  Ward's

petition for a writ of mandamus will be denied.