DLD-352                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1698
_____

EUGENE HENRY IVES,

Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-16-cv-00043)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2016

Before:  CHAGARES, GREENAWAY, JR. and GARTH,[1] Circuit Judges

(Opinion filed: October 26, 2016)

_____

OPINION[*]
_____

---

[1] The Honorable Leonard I. Garth participated in the decision in this case, but died before the opinion could be filed.  This opinion is filed by a quorum of the court.  28 U.S.C. § 46 and Third Circuit IOP 12.1(b).

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Eugene Henry Ives pleaded guilty in the United States District Court for the Eastern District of Michigan to sexual abuse of a minor in violation of 18 U.S.C. §§ 2243(a), 1151, and 1153. He was sentenced to a total term of imprisonment of 180 months, to be followed by five years of supervised release. There was no direct appeal. Ives filed a motion to vacate under 28 U.S.C. § 2255 in September of 2015 that the government moved to dismiss in November of 2015 on the grounds that Ives's plea agreement waived relevant appeals and collateral attacks on his conviction and sentence. That matter remains pending in the District Court in Michigan.

Meanwhile, Ives filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Western District of Pennsylvania. The petition asserts that the trial court never acquired jurisdiction over his prosecution because of inadequate proof that the grand jury made its return in open court with an adequate record of the number of grand jurors present and concurring in the return. The District Court summarily denied the habeas petition on the basis that Ives's motion to vacate was pending and was the exclusive means for mounting a collateral challenge to a conviction and sentence. Ives appeals.

We will summarily affirm the order of the District Court denying Ives's § 2241 petition because it clearly appears that no substantial question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6. The habeas petition cannot proceed for the reasons given by the District Court. A motion to vacate sentence under 28 U.S.C. § 2255 is the presumptive means to challenge collaterally a federal conviction or sentence.

2

See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). We further agree with the District Court that Ives has made no showing to support his stock assertions that application for relief to the Eastern District of Michigan is "inadequate or ineffective." See 28 U.S.C. § 2255(e).

We will summarily affirm the order of the District Court denying the habeas corpus petition.