CLD-258                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3973
_____

TIMOTHY HATTEN,
                                        Appellant

v.

BRYAN BLEDSOE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-00772)
District Judge:  Honorable William W. Caldwell

_____

Submitted on a Motion to Reopen,
for Leave to Proceed In Forma Pauperis, and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed : June 14, 2013)
_____

OPINION
_____

PER CURIAM

     Timothy Hatten is serving a prison sentence imposed by the United States District

Court for the Southern District of Florida for federal narcotics law violations.  See United

States v. Glinton, 154 F.3d 1245 (11th Cir. 1998).  Hatten filed a petition pursuant to 28

U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania,[1] claiming constitutional and legal violations during the investigation leading to his arrest and conviction. The District Court dismissed his petition and denied his motions for reconsideration. Hatten timely appealed.[2] We will summarily affirm the District Court's judgment and orders.[3]

The District Court correctly dismissed Hatten's petition. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). The "inadequate or ineffective" exception is narrow, and does not apply simply because a petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Okereke, 307 F.3d at 120 (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). In his motions for reconsideration, Hatten

_____

[1] It appears that Hatten was housed in Pennsylvania at the time he filed his petition.

[2] The appeal was dismissed for failure to pay the fees. Hatten thereafter filed a motion to reopen (which we also construe as a motion to file out of time), and an application to proceed in forma pauperis. We grant the motion to reopen and the motion to proceed in forma pauperis.

[3] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's legal conclusions is plenary. See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir.), cert. denied, 133 S. Ct. 805 (2012).

contended that § 2255 is inadequate or ineffective to raise his claims because at the time he filed his original, unsuccessful § 2555 motion, he did not have access to two Florida state court decisions that would have supported his position. But section 2255 is not rendered "inadequate or ineffective" merely because a prisoner was unsuccessful in seeking relief under section 2255 or is procedurally barred from filing a section 2255 motion. Id. at 120-21; see also Cradle 290 F.3d at 539. Hatten was therefore not entitled to raise his claims under § 2241.[4] Accordingly, the District Court lacked jurisdiction over Hatten's claims and correctly dismissed the action.[5]

Because Hatten's appeal presents no substantial question, we will summarily affirm the judgment of the District Court and the orders denying reconsideration. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

---

[4] Any § 2255 motion attacking Hatten's conviction or sentence should be brought in the Southern District of Florida—his court of conviction—and not in the Middle District of Pennsylvania. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Of course, because Hatten has already brought a § 2255 action, he cannot now file another without leave from the Eleventh Circuit. 28 U.S.C. § 2255(h).

[5] Though Hatten's brief was not formally filed in this appeal, in reaching our decision, we have considered the arguments raised in his brief.