

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2008

# David Cruz v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3216

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"David Cruz v. USA" (2008). *2008 Decisions.* Paper 101.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/101

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3216
_____

DAVID CRUZ,
Appellant

vs.

UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 08-cv-00829)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2008
Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
**Filed: December 16, 2008**
_____

OPINION
_____

PER CURIAM.

David Cruz, a federal prisoner, appeals an order of the United States

District Court for the Middle District of Pennsylvania dismissing his habeas petition filed

pursuant to 28 U.S.C. § 2241.  We will affirm.

1

In December 1997, Cruz was convicted by a federal jury in the District of New Jersey of conspiracy to distribute, and distribution of, more than fifty grams of crack cocaine, conspiracy to retaliate against a government witness, killing with attempt to retaliate, and use of a firearm in a crime of violence. The court imposed three life sentences, along with consecutive and concurrent sentences of sixty months imprisonment. See United States v. Cruz, D. N.J. Crim. No. 96-cr-00730. We affirmed the judgment of convictions and sentences on appeal, see C.A. No. 98-5170, and the Supreme Court denied Cruz's petition for a writ of certiorari. In December 1999, he filed a motion pursuant to 28 U.S.C. § 2255 alleging that counsel rendered ineffective assistance. In a Memorandum Opinion and Order issued on June 20, 2000, the District Court concluded that Cruz's claims were without merit and denied the motion. Cruz timely appealed. This Court denied his request for a certificate of appealability in an order issued on April 6, 2001, see C.A. No. 00-2037, and the Supreme Court subsequently denied his petition for a writ of certiorari.

Cruz then sought relief in the form of a petition for writ of error coram nobis in the United States District Court for the District of New Jersey. In his coram nobis petition, it appears that Cruz once again claimed that he received ineffective assistance of counsel. Cruz's motion fared no better than his § 2255 motion, and was denied by the District Court in an order entered on January 10, 2002. Cruz appealed. We summarily affirmed the District Court's decision on December 13, 2002, see C.A. No. 02-

2

1280, and, once again, the Supreme Court denied certiorari.

Cruz states that he thereafter sought relief in the United States District Court for the Central District of California where, on June 15, 2005, he filed a habeas petition pursuant to 28 U.S.C. § 2241. According to Cruz, the District Court dismissed that petition without prejudice. The Court of Appeals for the Ninth Circuit eventually denied Cruz's request for a certificate of appealability, and the Supreme Court denied his petition for a writ of certiorari.

Undeterred, on May 5, 2008, Cruz filed yet another habeas petition pursuant to 28 U.S.C. § 2241, this time in the United States District Court for the Middle District of Pennsylvania. Once again he asserted that counsel rendered ineffective assistance at trial. Cruz further claimed that he was deprived of a full hearing and fair adjudication of the ineffective assistance of counsel claims raised in his § 2255 motion, and that he can now demonstrate that he is actually innocent of the crimes of which he was convicted. Having concluded that Cruz failed to establish that he was not afforded a full and fair adjudication of his ineffective assistance of counsel issues, or that his remedy under § 2255 was inadequate or ineffective under the standards set forth in such cases as Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002), and Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)(per curiam), the Magistrate Judge to whom Cruz's petition was referred issued a Report recommending that it be dismissed for lack of jurisdiction. Over Cruz's objections, the District Court adopted that Report and

3

Recommendation and entered an order on July 11, 2008 denying the petition. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. For essentially the same reasons set forth in the Magistrate Judge's Report and Recommendation, we will summarily affirm the order of dismissal.

As the District Court properly concluded, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle, 290 F.3d at 538. Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or because Cruz is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996. Okereke, 307 F.3d at 120-21. See also Cradle, 290 F.3d at 539.

The "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law. See Okereke, 307 F.3d at 120 (citing In re

4

<u>Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997)).  Such is not the case here.  Cruz had the opportunity to challenge his convictions and, indeed, did so.  In addition to the challenges raised on direct appeal, Cruz presented the very claims he seeks to present *via* the underlying § 2241 petition in his § 2255 motion filed in the District of New Jersey.  Cruz had the further opportunity to raise any challenge he wished to make with respect to the District Court's disposition of his § 2255 motion – either with regard to its construction of his claims or with respect to the law applied to his collateral motion – in the request for a certificate of appealability he filed with this Court on appeal.

Moreover, Cruz's allegation that he is actually innocent of the crimes for which he was convicted is nothing more than a disguised attempt to resurrect claims which have been decided adversely to him.  He does not argue the existence of evidence – new or otherwise – tending to prove his innocence.  Instead, Cruz merely argues that if certain evidence were excluded from his trial, there would be insufficient evidence to sustain the jury's guilty verdicts.  This argument, however, is simply a reworking of the claims Cruz previously presented unsuccessfully on direct appeal and in his § 2255 motion.  We agree with the District Court that the exception identified in <u>In re Dorsainvil</u> is simply inapplicable in this case, and Cruz may not evade the gatekeeping requirements of § 2255 by seeking relief under § 2241.

Because the § 2241 petition was properly dismissed, no substantial question is presented by this appeal.  Accordingly, the District Court's order of dismissal will be

affirmed.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.  Cruz's motion for the

appointment of counsel is denied.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993).