GLD-439                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3530
_____

DAVID CRUZ,
                                        Appellant
v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-00829)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 26, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: October 2, 2013)
_____

OPINION
_____

PER CURIAM

        David Cruz, proceeding pro se, appeals from an order of the United States District

Court for the Middle District of Pennsylvania denying his motion for relief under Federal

Rule of Civil Procedure 60(b)(4).  For the reasons below, we will summarily affirm the

District Court's judgment.

In December 1997, a jury in the District of New Jersey found Cruz guilty of conspiracy to distribute more than fifty grams of crack cocaine, conspiracy to retaliate against a government witness, killing with attempt to retaliate, and use of a firearm during a crime of violence. The District Court imposed concurrent life sentences, along with a consecutive sentence of sixty months of imprisonment. See United States v. Cruz, D.N.J. Crim. No. 96-cr-00730. We affirmed the judgment on appeal, see United States v. Cruz, No. 98-5170, 187 F.3d 627 (3d Cir. 1999) (table), and the Supreme Court denied Cruz's petition for a writ of certiorari, see Cruz v. United States, 528 U.S. 896 (1999). Cruz then began his quest for relief from his conviction and sentence, a pursuit that has spanned more than a decade thus far. For instance, Cruz has filed a motion pursuant to 28 U.S.C. § 2255, a petition for writ of error coram nobis, a 28 U.S.C. § 2241 petition that was docketed in the United States District Court for the Central District of California, and a request for authorization to file a second or successive § 2255 motion. Each of these actions was unsuccessful.

As relevant here, Cruz filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania in 2008. As with most of his other attempts to obtain post-conviction relief, Cruz asserted that his attorney rendered ineffective assistance at trial. He further claimed that he was deprived of a full hearing and fair adjudication of the ineffective assistance of counsel claims that were raised in his § 2255 motion, and that the evidence was insufficient to sustain the jury's guilty verdict. By order entered July 11, 2008, the District Court adopted a Magistrate Judge's Report,

which recommended that the petition be dismissed for lack of jurisdiction because Cruz failed to demonstrate that his remedy under § 2255 was inadequate or ineffective. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Cruz appealed, and we affirmed, "agree[ing] with the District Court that the exception identified in In re Dorsainvil[, 119 F.3d 245, 251 (3d Cir. 1997),] is simply inapplicable in this case, and [that] Cruz may not evade the gatekeeping requirements of § 2255 by seeking relief under § 2241." Cruz v. United States, 303 F. App'x 133, 135 (3d Cir. 2008) (not precedential).

In January 2013, Cruz filed a "Motion for Relief From Void Judgment Pursuant to . . . Rule 60(b)(4)" in the closed § 2241 proceedings. He argued that the order denying the § 2241 petition was defective because it was "entered in a manner inconsistent with due process of law." In particular, he asserted that the District Court's dismissal of his § 2241 petition "deprived him of a full hearing and fair adjudication" because it "never reached the actual merits" of disputed material facts. The District Court denied the Rule 60(b)(4) motion, noting that "the court is not required to conduct a hearing on the merits of a habeas petition . . . [and] that the remainder of [Cruz's] claims do not state grounds for a void judgment." Cruz appealed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. An order denying a Rule 60(b)(4) motion is subject to plenary review. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008) (citing Page v. Schweiker, 786 F.2d 150, 152 (3d Cir. 1986)). Rule 60(b)(4) provides for relief when a judgment is void. A judgment may be void if the court that rendered it lacked jurisdiction over the subject

3

matter or the parties, or entered a decree which was not within the powers granted to it by law. See Marshall v. Board of Educ., Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir. 1978).

None of Cruz's allegations establish that the order dismissing his § 2241 petition was in any way void. Cruz's Rule 60(b)(4) motion essentially sought relief on the ground that the District Court misconstrued or improperly characterized his claims, failed to apply the law correctly, and denied him due process by not holding an evidentiary hearing. These arguments are of the type that should have been raised on appeal from the District Court's July 2008 order, and certainly do not establish that the District Court lacked jurisdiction over his § 2241 petition such that the judgment rendered is void. At bottom, Cruz contends that the District Court's judgment was incorrect. That allegation, however, is not sufficient for obtaining relief under Rule 60(b)(4). See, e.g., United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (explaining that "[a] void judgment is a legal nullity," and that "[a] judgment is not void, for example, simply because it is or may have been erroneous." (internal quotation marks omitted)).

For the foregoing reasons, we will summarily affirm the District Court's judgment.[1]

---

[1] Cruz's "Request[s] to Stay Appeal" are denied. In those filings, Cruz notes that he submitted a Motion for a Certificate of Appealability ("COA") in the District Court after it denied his Rule 60(b)(4) motion. The District Court treated the COA motion as a request for reconsideration, and denied it by order entered September 17, 2013. To the extent that Cruz seeks to stay this appeal until the District Court acts on the COA motion, his request is moot. Furthermore, there is no basis to stay the appeal pending the District

4

Court's adjudication of Cruz's request for reconsideration of the September 17, 2013 order.