NOT PRECEDENTIAL

ALD-004

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2283
_____

DAVID CRUZ,
                              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-16-cv-00011)
District Judge: Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 6, 2016
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: October 19, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David Cruz, a federal prisoner proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his 28 U.S.C. § 2241 petition. For the reasons below, we will summarily affirm the District Court's judgment.

In December 1997, a jury in the District of New Jersey found Cruz guilty of conspiracy to distribute more than fifty grams of crack cocaine, conspiracy to retaliate against a government witness, killing with attempt to retaliate, and use of a firearm during a crime of violence. The District Court imposed concurrent life sentences, along with a consecutive sentence of sixty months of imprisonment. See United States v. Cruz, D.N.J. Crim. No. 96-cr-00730. We affirmed the judgment on appeal, see United States v. Cruz, No. 98-5170, 187 F.3d 627 (3d Cir. 1999) (table), and the Supreme Court denied Cruz's petition for a writ of certiorari, see Cruz v. United States, 528 U.S. 896 (1999).

Cruz then began his ongoing pursuit of post-conviction relief. Since his conviction became final, Cruz has filed a motion pursuant to 28 U.S.C. § 2255, a petition for writ of error coram nobis, a 28 U.S.C. § 2241 petition that was docketed in the United States District Court for the Central District of California, a § 2241 petition that was docketed in the United States District Court for the Middle District of Pennsylvania, and a request for authorization to file a second or successive § 2255 motion, among other actions. Each of these was unsuccessful.

As relevant here, Cruz filed a successive § 2241 petition dated December 28, 2015, in the United States District Court for the Middle District of Pennsylvania.[1] As with most of his other attempts to obtain post-conviction relief, Cruz asserted that his attorney rendered ineffective assistance at trial. He further claimed that he was deprived of a full hearing and fair adjudication of the ineffective assistance of counsel claims that were raised in his § 2255 motion, and that the evidence was insufficient to sustain the jury's guilty verdict. In particular, he highlighted the alleged importance of the identification testimony of an eyewitness, and his attorney's failure to suppress the witness's identification. By order entered February 29, 2016, the District Court adopted the Magistrate Judge's Report, which recommended that the petition be dismissed for lack of jurisdiction because Cruz failed to demonstrate that his remedy under § 2255 was inadequate or ineffective. The District Court informed Cruz that he could file an application with this Court pursuant to §§ 2244 and 2255(h) to file a second or successive § 2255 motion. Cruz appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We will summarily affirm the District Court's order if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] The Magistrate Judge described Cruz's petition as "no less than his *ninth* attempt to collaterally attack his federal conviction and sentence." (Doc. No. 4 at 4 (emphasis

3

As noted in the Magistrate Judge's Report and as we explained in our decision in Cruz's earlier § 2241 appeal, see Cruz v. United States, 303 F. App'x 133, 134 (3d Cir. 2008), a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255(e). A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle, 290 F.3d at 538. Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or because Cruz is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996. Okereke, 307 F.3d at 120-21; see also Cradle, 290 F.3d at 539.

The "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). Such is not the case here. Cruz had the opportunity to challenge his convictions and, indeed, did so. In addition to the challenges raised on direct appeal, Cruz presented the very claims he seeks to present in this § 2241

---

original).)

4

petition in his § 2255 motion filed in the District of New Jersey.[2]  Cruz had the further

opportunity to raise any challenge he wished to make with respect to the District Court's

disposition of his § 2255 motion – either with regard to its construction of his claims or

with respect to the law applied to his collateral motion – in the request for a certificate of

appealability he filed with this Court on appeal.

Accordingly, the District Court's order dismissing Cruz's § 2241 petition will be

affirmed.

---

[2] Cruz also raised these issues in the prior § 2241 petition that he filed in the Middle
District of Pennsylvania.  See Cruz v. United States, M.D. Pa. Civ. No. 08-cv-00829;
Cruz, 303 F. App'x at 134.