ALD-117                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3500
_____

JELANI C. SOLOMON,
                                                    Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 3:16-cv-00106)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2019
Before:  MCKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: April 4, 2019)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Jelani Solomon, proceeding in forma pauperis, appeals from the

District Court's dismissal of his petition pursuant to 28 U.S.C. § 2241 for lack of

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

jurisdiction. For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2007, Solomon was convicted of several narcotics trafficking and firearms offenses after a jury trial in the Western District of Pennsylvania. He was sentenced to an aggregate term of life imprisonment plus ten years and is presently incarcerated at the Federal Correctional Institution at McKean. This Court affirmed Solomon's convictions on direct review. See United States v. Solomon, 387 F. App'x 258 (3d Cir. 2010).

Solomon filed a motion seeking relief pursuant to 28 U.S.C. § 2255 in the Western District in 2012. The District Court denied his motion on the merits. See United States v. Solomon, No. 2:05-CR-0385, 2013 WL 869648 (W.D. Pa. Mar. 7, 2013). In 2016, Solomon filed a petition under 28 U.S.C. § 2241 in the Middle District of Pennsylvania, seeking to vacate one of his convictions pursuant to 18 U.S.C. §§ 2 and 924(c)(1)(A) based on the Supreme Court's decision in Rosemond v. United States, 572 U.S. 65 (2014). The District Court dismissed Solomon's petition for lack of jurisdiction after concluding that Solomon had not shown that a § 2255 motion was an inadequate or ineffective remedy to address his claim. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011)

2

(per curiam).

The District Court properly dismissed Solomon's § 2241 petition. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner must use § 2255 "to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective'" to test the legality of his detention. Id. A § 2255 motion is inadequate, for example, "when a petitioner asserts a claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' . . . but is otherwise barred from challenging the legality of the conviction under § 2255." United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting In re Dorsainvil, 119 F.3d 245, 252 (3d Cir. 1997)).

In Rosemond, the Supreme Court clarified what the Government must prove to establish that a defendant is guilty of aiding and abetting an offense under 18 U.S.C. § 924(c), which prohibits an individual from using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime. See 572 U.S. at 67. The Court held that a defendant must have "actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission" to sustain a conviction. Id. The Court explained that a "§ 924(c) defendant's knowledge of a firearm must be advance knowledge." Id. at 78. The Court concluded that in that case, the trial court's jury

3

instructions were erroneous because they "did not explain that [the defendant] needed advance knowledge of a firearm's presence" and did not instruct the jury to determine when the defendant first learned of the existence of the firearm at issue. See id. at 81-82.

At Solomon's trial, the Government presented evidence that Solomon exchanged cocaine for a fully loaded Glock semiautomatic firearm from Keith Edwards; Solomon was familiar with the firearm before he arranged the exchange with Edwards. Solomon then gave the firearm to another individual, who, on Solomon's instructions, used it to murder the father of a witness who had cooperated with police on other pending drug trafficking charges against Solomon. Solomon was charged with both a direct violation of 18 U.S.C. § 924(c) and pursuant to 18 U.S.C. § 2 for aiding and abetting a § 924(c) offense. The trial court instructed the jury that Solomon would be liable for aiding and abetting a § 924(c) offense if Edwards knowingly traded his firearm for drugs and Solomon knew of and facilitated that trade. See Smith v. United States, 508 U.S. 223, 225 (1993) ("[T]he exchange of a gun for narcotics constitutes 'use' of a firearm 'during and in relation to . . . [a] drug trafficking crime' within the meaning of 18 U.S.C. § 924(c)(1).").

Solomon has not identified any error under Rosemond in his jury instructions or otherwise in the course of his criminal proceedings. We have not yet addressed whether a claim based on Rosemond may be brought in a § 2241 petition, but we need not do so here because the record does not support Solomon's claim of actual innocence. See Tyler, 732 F.3d at 246 (explaining that when a petitioner "contends that he is actually innocent and being detained for conduct that has subsequently been rendered non-

4

criminal," we must consider whether the record supports his claim of actual innocence). Rather, the record evidence indicates that Solomon had advance knowledge of the use of a gun in a drug trafficking crime when he facilitated the firearm exchange with Edwards. Because Solomon cannot demonstrate that he was convicted of conduct that is no longer criminal under Rosemond, the unavailability of relief under § 2255 does not render that provision inadequate or ineffective to test the legality of Solomon's detention. Accordingly, we will summarily affirm the judgment of the District Court.